Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **KEDWIN J. RIVERA MÉNDEZ**<br><br>Parte recurrente<br><br><br>v.<br><br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION**<br><br>Parte recurrida | **TA2026RA00080** | **REVISIÓN ADMINISTRATIVA** Procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>CASO: **PP-267-25**<br><br>Sobre: **Solicitud de Revisión Administrativa** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2026.

El 23 de febrero de 2026 la parte recurrente, Kedwin Rivera Méndez, en adelante, Rivera Méndez o recurrente, comparece por derecho propio y en forma *pauperis[1],* y solicita que revisemos la determinación emitida el 19 de septiembre de 2025 por el Departamento de Corrección y Rehabilitación de Puerto Rico, en adelante, DCR. A través del referido dictamen, la Agencia recurrida denegó la solicitud de remedio administrativo #PP-267-25 del recurrente. El DCR informó que la liquidación de sentencia refleja la bonificación por buena conducta. No obstante, la bonificación adicional se reflejará una vez el Miembro de la Población Correccional (MPC) sea evaluado por el Comité de Clasificación y Tratamiento por estudios o trabajo.

---

[1] El 23 de febrero de 2026, se registró en el SUMAC TA la *Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia* suscrita por Kedwin Rivera Méndez el 4 de noviembre de 2025. Este Tribunal la declaró **con lugar** el 27 de febrero de 2026.

Por los fundamentos que expondremos a continuación, *desestimamos el recurso por falta de jurisdicción.*

**I.**

Según surge del expediente, el 31 de julio de 2025, Rivera Méndez presentó una solicitud de remedio administrativo ante la DCR. En esta, solicitó la adjudicación las bonificaciones correspondientes a la Ley 87-2020[2], según enmendada.[3]

El 15 de agosto de 2025 el DCR emitió una respuesta a la solicitud de Rivera Méndez, la cual notificó el 22 de agosto de 2025. En dicha contestación dispuso lo siguiente:

> Según la solicitud en este remedio, se verifico el expediente criminal y la hoja de liquidación de sentencia vigente, creada el 17 de julio de 2025, fue trabajada correctamente conforme a las normas y reglamentos establecidos. Según la alegación en cuanto a la bonificación (ley 87-2020) la tiene acreditada según esta en derecho.[4]

Posteriormente, el 28 de agosto de 2025 el peticionario presentó una solicitud de reconsideración de la decisión del DCR emitida el 17 de julio de 2025.[5] En esta, solicitó la revisión de los cómputos de la hoja de control sobre la liquidación de sentencias. A tales efectos, el 17 de septiembre de 2025[6] el DCR denegó la referida solicitud de reconsideración.[7]

Inconforme con dicha determinación del DCR, el 23 de febrero de 2026, Rivera Méndez acudió ante nos y formuló los siguientes señalamientos de error:

> **Erró el DCR al indicar que las bonificaciones por buena conducta y asiduidad se reflejan en la liquidación de Sentencia.**

---

[2] Ley Núm. 87 de 4 de agosto de 2020, se aprobó para enmendar el Artículo 11 del Plan de Reorganización 2-2011, según enmendado, conocido como el *"Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011"*.

[3] Entrada 1 de SUMAC TA, anejo 1, pág 4.

[4] *Íd.,* anejo 1, pág 2.

[5] *Íd.,* anejo 1, pág 8.

[6] **No surge del expediente en qué fecha esta determinación fue notificada al peticionario. Por ello se le concedió a este un término de cinco (5) días para acreditar el recibo de la respuesta a la reconsideración solicitada.**

[7] Entrada 1 de SUMAC TA, apéndice 2.

**Erró el DCR al no emitir una nueva hoja de control sobre la liquidación de Sentencia correspondientemente enmendada conforme a la Ley 87-2020, supra.**

El 27 de febrero de 2026 emitimos una Resolución mediante la cual concedimos a la parte recurrente un término de cinco (5) días para que subsanara las deficiencias de su recurso, así como a la parte recurrida un término para presentar su posición en torno al recurso.

En lo que respecta a Rivera Méndez, este no cumplió con el término concedido. Por otro lado, el Procurador General de Puerto Rico, en representación del DCR, compareció ante este Tribunal mediante una *"Solicitud de Desestimación",* el 25 de marzo de 2026.

Así las cosas, procedemos a resolver el recurso de revisión administrativa que aquí nos ocupa, con los documentos que obran en autos.

**II.**

**A. Jurisdicción**

Como es conocido, la jurisdicción es el poder o la autoridad que tiene un Tribunal para considerar y decidir casos o controversias que tienen ante sí. *JJJ Adventure v. Consejo Titulares,* 2025 TSPR 123, 216 DPR ___ (2025). *Mun. Río Grande v. Adq. Finca et al,* 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___ (2024); *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432, 448 (2024); *R & B Power Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *Cobra Acquisitions, LCC v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Además, es norma reiterada en nuestro ordenamiento, que "los tribunales

deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Markovic v. Meldon y otro,* 2025 TSPR 99, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al,* supra; *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal. *Greene, et als. v. Biase et als.,* 2025 TSPR 83, 216 DPR ___ (2025); *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014). **Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso**, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable. *Pueblo v. Rios Nieves,* 209 DPR 264, 273 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018); *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003). Lo cierto es que **la falta de jurisdicción es un defecto que no puede ser subsanado.** *Con. Tit. 76 Kings Court v. MAPFRE,* 208 DPR 1018, 1027 (2022); *Lozada Sánchez et al. v. JCA.,* 184 DPR 898, 909 (2012).

Por su parte, en la práctica apelativa, las partes vienen obligadas a cumplir con las disposiciones legales y reglamentarias aplicables para la tramitación eficaz de sus recursos. *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). Para que estemos en posición de revisar al Foro Recurrido, la parte que recurra ante nos **tiene la obligación de perfeccionar su recurso**, según lo exige la Ley y nuestro Reglamento. *Morán v. Martí,* 165 DPR 356, 363 (2005).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025

TSPR 141, pág.116-118, 216 DPR __ (2025), dispone que este Foro, a **iniciativa propia** o a solicitud de parte, podrá desestimar un recurso por cualquiera de estos motivos:

1. *que el Tribunal de Apelaciones carece de jurisdicción;*
2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3. que no se ha presentado o proseguido con diligencia o buena fe;
4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
5. que el recurso se ha convertido en académico.

(Énfasis suplido).

## B. Recurso de Revisión Administrativa

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585 (2019). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina*, supra.

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *Isleta v. Inversiones Isleta Marina*, supra; *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). Es por ello que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd.* Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para que pueda atender

el caso en los méritos. *Román et als v. Román et als*, 158 DPR 163, 167-168 (2002).

Es doctrina reiterada que las partes, inclusive los comparecientes *por derecho propio* deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación. *Pueblo v. Román Martir*, 169 DPR 809, 822 (2007); *Córdova v. Larín*, 151 DPR 192, 195-198 (2000); *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 13 (2000).

La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, en adelante, LPAUG, Ley Núm. 30-2017, 3 LPRA sec. 9672, establece un **término jurisdiccional de treinta (30) días** para solicitar revisión judicial. A esos efectos, la referida sección reza de la siguiente manera:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia [...]. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

> (Énfasis suplido).

De igual forma, la Regla 57 del Reglamento de Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 77, 215 DPR ___ (2025), requiere que la parte que solicite una revisión de determinaciones administrativas, **deberá hacerlo dentro de los treinta (30) días** a partir del archivo en autos de la

copia de la notificación de la orden o resolución final de la cual se recurre.

Por último, destacamos que es doctrina reiterada que las partes, *inclusive los comparecientes por derecho propio* deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación. *Pueblo v. Román Martir*, 169 DPR 809, 822 (2007); *Córdova v. Larín*, 151 DPR 192, 195-198 (2000); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 13 (2000).

### III.

El recurrente comparece ante nos y solicita la revisión de una determinación emitida por el DCR relacionada con el cómputo de bonificaciones bajo la Ley 87-2020, *supra*. No obstante, *nos vemos obligados a desestimar el presente recurso por falta de jurisdicción.*

Como cuestión de umbral, este Tribunal tiene el deber de auscultar su jurisdicción sobre toda controversia ante su consideración. La jurisdicción constituye la autoridad para atender y resolver los asuntos presentados y, en su ausencia, procede la desestimación del recurso, ya que cualquier actuación carece de eficacia jurídica. De igual forma, los tribunales no tienen discreción para asumir jurisdicción cuando esta no existe.

Como vimos, en el ámbito de la revisión administrativa, la parte que recurre ante esta Curia debe cumplir con un término fatal de treinta (30) días. Surge del expediente que este recurso fue preparado por el recurrente, y ponchado por el DCR, el **4 de noviembre de 2025.** Sin embargo, Rivera Méndez no anejó el documento que acreditara la fecha en la que recibió la respuesta a su solicitud de reconsideración ante la recurrida. Por ser esta última la fecha en la que comenzaron a cursar los treinta (30) días jurisdiccionales para recurrir, emitimos una *"Resolución"* el 27 de

febrero de 2026 para que el recurrente subsanara esta deficiencia y nos colocara en posición de auscultar nuestra facultad revisora.

Ahora bien, aunque Rivera Méndez no volvió a comparecer ante nos, la parte recurrida, junto a su solicitud de desestimación, proveyó el expediente administrativo del recurrente. Del mismo se desprende que el día **23 de septiembre de 2025**, el recurrente recibió la contestación a su petición de reconsideración, lo cual constató con su firma y fecha. Siendo así, Rivera Méndez tuvo hasta **el 23 de octubre de 2025** para recurrir ante nos. Sin embargo, no fue hasta el **4 de noviembre de 2025** que lo hizo. Por todo lo cual, venimos obligados a declararnos sin la facultad revisora de atender este recurso, por haberse presentado el mismo fuera del término jurisdiccional de treinta (30) días.

Finalmente, reiteramos que las comparecencias a este Tribunal por derecho propio *no justifican que las partes incumplan con las reglas procesales. Febles v. Romar*, 159 DPR 714, 722 (2003).

**IV.**

Por los fundamentos antes esbozados, *desestimamos el recurso ante nos, por falta de jurisdicción por tardío.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones